UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 MAR 30 AM 10:21

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**[1] ELVIN PARADIS,**<br>**[2] ANDRES FLORES,**<br><br>Defendants. | **INDICTMENT**<br><br>CRIMINAL NO. 22-132 (RAM)<br><br>VIOLATIONS:<br>21 U.S.C. §§ 952, 960, 963;<br><br>46 U.S.C. §§ 70503(a)(1) & (a)(2), 70506(b);<br><br>18 U.S.C. § 2.<br><br>(FIVE COUNTS<br>& FORFEITURE ALLEGATIONS<br>PURSUANT TO 46 U.S.C. § 70507, 21 U.S.C. §§ 853 & 970 and 18 U.S.C. § 924(d)) |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**Conspiracy to Import Controlled Substance**

Beginning on March 21, 2022, but until and including March 22, 2022, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] ELVIN PARADIS,**
**[2] ANDRES FLORES,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury to commit an offense defined in Title 21, <u>United States Code</u>, Section 952, that is: to intentionally and knowingly import into the United States five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, <u>United States Code</u>, Sections 952, 960(b)(1)(B)(ii), and 963.

## COUNT TWO
**Importation of Controlled Substance, Aiding and Abetting**

On or about March 22, 2022, from the country of Colombia, and elsewhere,

**[1] ELVIN PARADIS,
[2] ANDRES FLORES,**

the defendants herein, did knowingly and intentionally aid and abet each other to commit an offense defined in Title 21, United States Code, Section 952, that is: to knowingly and intentionally import into the United States five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 952, 960(b)(1)(B)(ii); Title 18, United States Code, Section 2.

## COUNT THREE
**Conspiracy to Possess with Intent to Distribute a Controlled Substance
Aboard a Vessel Subject to the Jurisdiction of the United States**

Beginning on March 21, 2022, but until and including March 22, 2022, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] ELVIN PARADIS,
[2] ANDRES FLORES,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other diverse persons known and unknown to the Grand Jury to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

## COUNT FOUR
### Possession with Intent to Distribute a Controlled Substance Aboard a Vessel Subject to the Jurisdiction of the United States, Aiding and Abetting

On or about March 22, 2022, on the high seas, elsewhere, and within the jurisdiction of this Court,

**[1] ELVIN PARADIS,**
**[2] ANDRES FLORES,**

the defendants herein, did knowingly and intentionally aid and abet each other to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with intent to distribute (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Section 70503(a)(1); and Title 18, United States Code, Section 2.

## COUNT FIVE
### Jettisoning Property Subject to Forfeiture Under Title 21, United States Code, Section 881(a) from a Vessel Subject to the Jurisdiction of the United States, Aiding and Abetting

On or about March 22, 2022, on the high seas, elsewhere and within the jurisdiction of this Court,

**[1] ELVIN PARADIS,**
**[2] ANDRES FLORES,**

the defendants herein, did knowingly and intentionally aid and abet each other to commit an offense defined in Title 46, United States Code, Section 70503, that is: jettison narcotics subject to forfeiture under Title 21, United States Code, Section 881(a), from a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Section 70503(a)(2) and Title 18, United States Code, Section 2.

## **FORFEITURE ALLEGATIONS**

*NARCOTICS*

1. The allegations contained in Counts **ONE and TWO** of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Sections 853 and 970.

2. Pursuant to Title 21, United States Code, Sections 853 and 970, upon conviction of an offense in violation of Title 21, United States Code, Sections 952, 960, and 963, the defendants:

**[1] ELVIN PARADIS,**
**[2] ANDRES FLORES,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

*MARITIME DRUG LAW ENFORCEMENT*

The allegation in Counts **THREE through FIVE** of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 46, United States Code, Section 70507.

The United States gives notice to the Defendants charged in Count **THREE through FIVE** of this Indictment that pursuant to Title 46, United States Code, Section 70507, upon conviction of those offenses alleged in that Count, any property described in Title 21, United States Code, Section 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Sections 853(p) and 970.

TRUE BILL

W. STEPHEN MULDROW
United States Attorney

_____
FOREPERSON
Date: March 30, 2022

_____
Max Perez
Assistant United States Attorney, Chief
Transnational Organized Crime Section

_____
Vanessa Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Jordan H. Martin
Special Assistant United States Attorney

5